UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| BENNIE LEE GAMBLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3: 16-100-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KENTUCKY DEPT. OF CORRECTIONS, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Bennie Lee Gamble, Jr., now a resident of Texas City, Texas, has filed a *pro se* complaint alleging that in 2002 the Kentucky Department of Corrections violated the Fourteenth Amendment and 18 U.S.C. § 242 by falsely imprisoning him, wrongfully convicting him, and committing libel and slander.  He seeks $10 million in damages for resulting emotional harm. [R. 1]  He has also filed a motion to proceed *in forma pauperis* [R. 2] on the wrong form. Nonetheless, the Court will grant his fee motion for the limited purpose of conducting the initial screening required by 28 U.S.C. § 1915(e)(2).

As this Court has noted before,

Gamble has a well-established history as a repetitive and abusive filer before this Court, and each of the defendants he has named in his "criminal complaints" was a named defendant in one or more of several prior civil rights actions filed by Gamble in an effort to overturn his Kentucky state convictions. Each case was dismissed by this Court upon initial screening. *Gamble v. Corrections Corp. of America*, No. 7: 12-CV-79-KKC (E.D. Ky. 2012); *Gamble v. Corrections Corp. of America*, No. 7: 13-CV-63-ART (E.D. Ky. 2013); *Gamble v. Corrections Corp. of America*, No. 7: 13-CV-82-ART (E.D. Ky. 2013); *Gamble v. Commonwealth of Kentucky*, No. 5: 13-CV-308-DCR (E.D. Ky. 2013); *Gamble v. Ky. Dept. of Corr.*, No. 5: 13-CV-317-KKC (E.D. Ky. 2013); *Gamble v. Bottom*, No. 5: 13-CV-326-JMH (E.D. Ky. 2013); *Gamble v. Conway*, No. 5: 13-CV-327-JMH (E.D. Ky. 2013); *Gamble v. Peckler*, No. 5: 13-CV-328-KSF (E.D. Ky. 2013).

*Gamble v. Thapar*, No. 7: 14-41-KKC (E.D. Ky. 2014).  Since 2010, Gamble has filed nearly

fifty habeas corpus petitions and civil rights actions, nearly all of which have been promptly and

summarily dismissed.

His present complaint fares no better.  The entirety of his allegations are that the

Kentucky Department of Corrections libeled and slandered him, wrongfully convicted him,

falsely imprisoned him, and violated the Fourteenth Amendment and 18 U.S.C. § 242.  [R. 1 at

3]  Gamble provides no factual basis whatsoever for these claims, and a complaint which

consists entirely of conclusory statements and fails to state a viable claim for relief.  A complaint

must do more: it must contain sufficient factual matter, accepted as true, to "state a claim to

relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*,

630 F.3d 468, 470 (6th Cir. 2010).  The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic
> recitation of a cause of action's elements will not do. Factual allegations must be
> enough to raise a right to relief above the speculative level on the assumption that
> all of the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Simply labeling the defendants'

actions - whatever they might have been - as "wrongful" or a violation of unidentified civil rights

deprives the defendants of notice of the conduct complained of, a notice to which they are

entitled.  Because the complaint does not provide any factual basis for the claims set forth in the

complaint, it must be dismissed for failure to state a claim.  *Grinter v. Knight*, 532 F. 3d 567, 577

(6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th

Cir.1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy

federal notice pleading requirements.")

2

Second, as with many of Gamble's previously-dismissed cases, his assertion that he was wrongfully convicted and falsely imprisoned is plainly barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Gamble v. Corrections Corp. of America*, No. 7: 12-CV-79-KKC (E.D. Ky. 2012). In addition, the Kentucky Department of Corrections is a state agency, and hence the Eleventh Amendment bars this Court from exercising subject matter jurisdiction over any claim for damages against it, *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009), and cannot be sued under § 1983 because it is not a "person" within the meaning of the statute, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Finally, to the extent his claims are not barred by issue preclusion and/or claim preclusion in light of the repeated dismissal of his prior complaints, a claim that his Due Process rights under the Fourteenth Amendment were violated in 2002 would be plainly time-barred by Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a). *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). For these reasons, Gamble's complaint will be dismissed with prejudice.

As a final matter, the Court concludes that Gamble's extensive history of repetitive and abusive litigation in this Court warrants the imposition of pre-filing restrictions, narrowly-tailored to prevent the filing of further motions and lawsuits arising out of the same conduct and claims that have repeatedly been rejected by this Court.

The Supreme Court long ago established that "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L. Ed. 242 (1821). Accordingly, a district court has inherent authority to sanction parties whose actions are vexatious, frivolous, or undertaken in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This authority is "governed not by rule or statute but by

3

the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

The Court takes seriously its obligation to afford additional latitude to parties who are not educated in the eccentricities of the law or its practice, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), as their misguided actions may be the consequence of inexperience or lack of specialized knowledge rather than borne of a desire to harass or delay. But that forgiving approach has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and the courts must not allow "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975). Even a court's "special solicitude" towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) (imposing pre-filing restrictions against a litigant "unwilling[] to accept unfavorable rulings on her claims. Each time her claims are dismissed, she repackages them with new labels, against new defendants, and in new courts, as part of an 'ever-broadening conspiracy theory.'").

Any person proceeding *pro se* who repeatedly files meritless or frivolous lawsuits abuses the right to represent himself without counsel and the privilege of proceeding without payment of the filing fee, and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims. The court may therefore impose sanctions necessary and appropriate to deter such conduct. *Chambers*, 501 U.S. at 45-46. The court may deny the plaintiff *pauper* status, *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992), or for more quarrelsome conduct, may require him to pay another party's attorneys fees, *First Bank of*

4

*Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511-12 (6th Cir. 2002).  For the most obstinate offender, the court may require the vexatious litigant to request and receive permission before filing any new lawsuit.  *Filipas v. Lemons*, 835 F. 2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F. 3d 222, 224 (6th Cir. 1989); *Marbly v. Wheatley*, 87 F. App'x 535, 536 (6th Cir. 2004),  Such orders should be narrowly tailored to prevent the abuses evidenced by the litigant's prior conduct.  *Andrews v. Heaton*, 483 F. 3d 1070, 1077-78 (10th Cir. 2007).

Gamble has already filed several dozen lawsuits arising out of his Kentucky criminal convictions, and no useful purpose would be served by permitting him to file additional lawsuits which arise out of the same events.  The Court will therefore prohibit Gamble from filing new motions in any of the cases he previously filed that are closed, and require him to request and obtain the Court's approval before he will be permitted to file any new civil action or habeas corpus petition.  The Court will only grant such a request if the basis for the claims asserted is wholly unrelated to that previously asserted in any of the actions Gamble has already filed with the Court.  *Cf. Punchard v. U.S. Government*, 290 F. App'x 160, 161 (10th Cir. 2008).

Accordingly, **IT IS ORDERED** that:

1.      Gamble's motion to proceed *in forma pauperis* [R. 2] is **GRANTED**;

2.      Gamble's complaint [R. 1] is **DISMISSED WITH PREJUDICE**;

3.      The Court will enter an appropriate judgment;

4.      From this date forward, the Clerk of the Court shall file any new document or pleading received from the plaintiff - in this action or in any other action previously filed by the plaintiff - merely as miscellaneous correspondence, and shall not docket it as a motion seeking relief, with the sole exceptions of a notice of appeal filed in this action or a notice of appeal filed in *Gamble v. Conway*, No. 3: 16-CV-99-GFVT (E.D. Ky. 2016);

5.      Gamble may not file any new civil lawsuit or habeas corpus petition in this Court without the prior written authorization of the Court.  The Clerk of the Court shall not file or docket any civil complaint or action – regardless of how styled or the basis for the relief sought – unless and until the Court authorizes the filing of such action.  If Gamble wishes to obtain such authorization, he must:

    a.      send a one-page letter requesting  permission to file suit;

    b.      file a completed and typewritten form Civil Rights Complaint [EDKY Form 520] or Petition for Writ of Habeas Corpus [EDKY Form 521], which must describe specifically the facts giving rise to his claims and the legal basis for the relief sought, both with reasonable particularity; and

    c.      pay the required fees, or file a Motion and Affidavit in Support of Motion to Proceed In Forma Pauperis [EDKY Form 519].  If he is incarcerated, he must further file a Certificate of Inmate Account [Form EDKY 523] and explain why 28 U.S.C. § 1915(g) does not bar his request for pauper status.

Any documents received which do not strictly comply with all of the foregoing requirements will not be reviewed or considered; and

6.      This matter is **STRICKEN** from the active docket.

This 16th day of March, 2017.

Gregory F. Van Tatenhove
United States District Judge